**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL SEATING & MOBILITY, INC., | |
| Plaintiff, | No. C 10-02782 JSW |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS OR, ALTERNATIVELY TO STRIKE PORTIONS OF THE AMENDED COUNTERCLAIM** |
| MICHAEL PARRY, et al. | |
| Defendants. | |
| AND RELATED COUNTER-CLAIM | |

Now before the Court for consideration is the Motion to Dismiss, or Alternatively, to Strike Portions of the Amended Counterclaim, filed by Plaintiff and Counterdefendant National Seating & Mobility, Inc. ("NSM"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court HEREBY GRANTS IN PART AND DENIES IN PART NSM's motion.

**BACKGROUND**

In 2001, NSM hired Defendant and Counterclaimant Michael Parry ("Parry"). (*See* Declaration of Ronald S. Bushner ("Bushner Decl."), Ex. D (First Amended Cross-Complaint ("FACC"), ¶ 4).) Parry alleges that on or about July 28, 2005, his supervisors, Tim Maddox ("Maddox") and Ken Wilcox ("Wilcox"), informed him that he was entitled to a $20,000.00 reward/bonus. (*Id.* ¶¶ 6, 31-33.) Parry further alleges that Maddox and Wilcox "stated that they were going to develop some guidelines and that once these guidelines were in place, [he] would be entitled to his $20,000.00 reward bonus." (*Id.* ¶ 34.)

According to Parry, on August 25, 2005, NSM memorialized this agreement in a "Payroll Change Notice," which reflects that Parry received a raise of $5,000. The document also contains the following language: "In addition a $20,000 incentive reward/bonus will be established based on specific performance guidelines and operational progress. This was agreed to by Tim Maddox and Ken Wilcox. 7/28/05." (FACC ¶ 36; Bushner Decl., Ex. G.) Parry alleges that Maddox and Wilcox never implemented these guidelines and that NSM has never paid him the $20,000.00 reward/bonus. (FACC ¶¶ 6, 35, 38.)

On or about March 1, 2007, Parry and NSM entered into a Employment Agreement, whereby NSM would employ Parry at its Hayward, California branch as a Rehabilitation Technological Supplier ("RTS"). (*See* Bushner Decl., Ex. C (NSM Complaint ¶ 4, Ex. A (Employment Agreement).) The terms of the Employment Agreement provide that Parry "shall receive, as compensation, that amount which is equal to twenty percent (20%) of Employee's proportional share of the total branch Gross Base Office Profits attributable to sales of Equipment made by Employee during the term of this Employment Agreement. (NSM Compl., ¶ 12, Ex. C.) The term "Gross Base Office Profits" means "sales minus cost of goods, shipping charges, sales adjustments, allowances for bad debt and bad debt write off." (*Id.*) Parry alleges, on information and belief, that NSM hired other employees on similar terms. (*See, e.g.,* FACC ¶ 64.) According to Parry, NSM did not properly report to its commissioned sales force the true costs of goods. (*Id.* ¶¶ 67, 73, 85, 93.)

Based on these and other allegations, Parry has filed a counterclaim against NSM asserting individual claims for, *inter alia*, breach of contract, and putative class claims for failure to calculate wages, fraud, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, violations of California Business and Professions Code § 17200, and seeks an accounting.

NSM now moves to dismiss the claim for breach of contract based on the alleged reward/bonus, for fraud, and for violations of Section 17200 for failure to state a claim. NSM also moves to dismiss all claims solely on the basis that Parry has alleged these claims on "information and belief," but with the exception of the fraud and Section 172000 claim does not

2

otherwise address the merits of those claims.  Finally, NSM moves, in the alternative, to strike Parry's request for punitive damages.

**ANALYSIS**

**A.     Applicable Legal Standards.**

     **1.     Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

Pursuant to Federal Rule of Civil Procedure 9(b), a plaintiff must allege with particularity the circumstances constituting fraud.  *See Greebel v. FTP Software, Inc.*, 194 F.3d 185, 193 (9th Cir. 1999); Fed. R. Civ. P. 9(b).  However, the particularity requirements of Rule 9(b) must be read in harmony with the requirement to make out a "short and plain" statement of the claim.  Fed. R. Civ. P. 8(a)(2).  Thus, the particularity requirement is satisfied if the

3

complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (internal quotation marks and citations omitted). Accordingly, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1107 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Id.* at 454).[1]

**2. Motion to Strike.**

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). The

---

[1] The Court has not considered Exhibit A to the Bushner Declaration, which consists of excerpts of Parry's deposition testimony.

4

1  possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause
2  the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient
3  to support the granting of a motion to strike. *California Dept. of Toxic Substances Control*, 217
4  F. Supp. 2d at 1028.

**B.   NSM's Motion to Dismiss is Granted, in Part, and Denied, in Part.**

   **1.   NSM's Motion to Dismiss the Sixth Through Eleventh Claims for Relief is Denied.**

The claims Parry brings on behalf of the putative class are set forth in his Sixth through Eleventh claims for relief. NSM moves to dismiss these claims solely on the basis that they are alleged on information and belief. NSM candidly acknowledges that it seeks dismissal on this basis as a matter of equity. (Reply Br. at 6:9-14.) Defendant's motion to dismiss these claims on this basis is denied.

   **2.   NSM's Motion to Dismiss the First Claim for Relief is Granted.**

Parry's first claim for relief for breach of contract is based on his allegations that, in 2005, Maddox and Wilcox promised him a $20,000 reward/bonus, which he never received and which was memorialized in writing via the Payroll Change Notice. In order to state a claim for breach of contract, Parry must allege "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." *First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).[2]

NSM argues that this claim must be dismissed because Parry has not alleged the formation of a valid contract. Under California law, the intention of the parties as expressed in the contract is the source of contractual rights and duties. *Pacific Gas & Elec. Co. v. G.W. Thomas Drayage,* 69 Cal. 2d 33, 38 (1968) ("*PG&E*"). In order to enforce a contract, "'a promise must be definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment

---

[2]   Parry's breach of contract claim must be based on a written contract, otherwise it is barred by the applicable statute of limitations. *See* Cal. Code Civ. P. § 339(1).

5

1  of damages.'" *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209 (2006) (quoting *Ladas v.*
2  *California State Auto. Assn.*, 19 Cal. App. 4th 761, 770 (1993)) (brackets as in *Bustamante*).

3  Parry argues, but does not allege, that the parties agreed that "in exchange for Parry
4  maintaining his current position, he would automatically receive a $20,000 bonus." (Opp. Br. at
5  5.) The plain language of the Payroll Change Notice states that "a $20,000 incentive
6  reward/bonus will be established based on specific performance guidelines and operational
7  progress." (Bushner Decl., Ex. G.) The document cannot be read to suggest - as Parry argues -
8  that he was entitled to receive the bonus merely for maintaining his current position. Rather,
9  this document suggests that the parties had agreed on the amount of an *incentive* bonus, but had
10 not yet come to a meeting of the minds on the essential terms regarding the basis on which
11 Parry would be entitled to receive an "incentive/bonus" payment.

12 The Court concurs with NSM that, at best, Parry alleges an "agreement to agree."
13 Under California law, "'an agreement to agree' ... is unenforceable...." *Bustamante*, 141 Cal.
14 App.4th at 213. Moreover, Parry does not argue or allege that, notwithstanding its plain
15 language, the Payroll Change Notice is ambiguous. *See, e.g., PG&E*, 69 Cal. 2d at 38-40
16 (noting that although extrinsic evidence is not admissible to add to, detract from, or vary the
17 terms of a written contract, the terms of a contract must first be determined before it can be
18 decided whether or not extrinsic evidence is being offered for a prohibited purpose); *accord*
19 *Wilson Arlington Company v. Prudential Insurance Co. of America,* 912 F.2d 366, 370 (9th Cir.
20 1990) (acknowledging that California law permits extrinsic evidence to demonstrate the
21 existence of ambiguity even when the language of the a contract is "perfectly clear").

22 Accordingly, the Court concludes that Parry fails to state a claim for breach of contract
23 relating to the alleged promise of a $20,000 bonus. NSM's motion to dismiss this claim is
24 granted. If Parry believes he can, in good faith, amend this claim, he may file a motion for
25 leave to file a second amended counterclaim by no later than September 17, 2010, accompanied
26 by the proposed counterclaim, and shall notice the motion for hearing on an available date on
27 this Court's calendar.
28

6

### 3. NSM's Motion to Dismiss the Seventh Claim for Relief is Denied.

Parry's seventh claim for relief for fraud is premised upon the allegations that NSM did not properly report to its commissioned sales force the true costs of goods and, therefore, its promise to compensate them at least twenty-percent of an employee's proportional share of the total office profits was false. (FACC ¶¶ 72-73.) NSM argues that Parry fails to state this claim with the requisite specificity under Federal Rule of Civil Procedure 9(b). The Court disagrees.

Parry alleges that NSM, in its Employment Agreement, represented that its commissioned base employees would be paid twenty percent of the Employee's proportional share of the total office profits. Parry also alleges that "NSM" prepared allegedly fraudulent reports that did not accurately calculate the true costs of goods, upon which commissions were based, because NSM received kickbacks from manufacturers, which purportedly lowered the true cost of goods but the profit to NSM was not reported to Parry or the putative class. Finally, Parry alleges that he, and the putative class, allegedly relied on the representations in the Employment Agreement and were damaged because they were not paid the full amounts to which they were entitled. (*See, e.g.,* FACC ¶¶ 26-29, 72-78.) Parry also alleges that this conduct occurred on a continuous basis between at least February 5, 2007 through the present. (*Id.* ¶ 23.)

Accordingly, the Court concludes that Parry has adequately alleged the circumstances of the alleged fraud to survive a motion to dismiss. Whether Parry can prevail on that claim is a matter to be addressed on summary judgment. Accordingly, NSM's motion to dismiss this claim is denied.

### 4. NSM's Motion to Dismiss the Tenth Claim for Relief is Denied.

Parry's Section 17200 claim is based on his allegations that NSM unlawfully and fraudulently miscalculated commissions due to him and to the putative class members, and he incorporates each of the earlier allegations in the FACC. (*See* FACC ¶¶ 96-99.) NSM moves to dismiss on the basis that Parry fails to allege standing under Section 17200. To establish standing under the Section 17200 claim, Parry must show allege that he suffered an injury in fact and lost money or property as a result of the alleged unfair competition. *Aron v. U-Haul*

*Co. of California*, 143 Cal. App. 4th 796, 802 (2006). Parry alleges that he, and the putative class, were not paid the commissions to which they were entitled because of NSM's allegedly unlawful and fraudulent reporting practices. The Court finds that these allegations are sufficient to allege standing under Section 17200. Accordingly, NSM's motion to dismiss this claim is denied.

**C.     NSM's Motion to Strike is Denied.**

Parry seeks punitive damages in connection with his fraud claim and his claim for breach of the implied covenant of good faith and fair dealing. NSM moves to strike Parry's claim for punitive damages because, it argues, Parry has not sufficiently pled facts against it indicating fraud, malice, or oppression. To the extent NSM's motion is premised on the same argument supporting the motion to dismiss the fraud claim, the motion to strike is denied. *See also Stevens v. Superior Court*, 180 Cal. App. 3d 605, 609-611 (1986). In addition, the allegations underlying the breach of the implied covenant claim are premised upon the same allegations as the fraud claim. Accordingly, the Court finds that Parry has sufficiently alleged facts to support a claim for punitive damages on this claim as well.

## CONCLUSION

For the foregoing reasons, NSM's Motion to Dismiss or, in the Alternative, to Strike Portions of the Amended Counterclaim is GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED.**

Dated:   August 13, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE