|   |   |
|---|---|
| 1 | RONALD S. BUSHNER (State Bar No. 98352)<br>Ronald.Bushner@wilsonelser.com |
| 2 | MEGAN M. LEWIS (State Bar No. 246052)<br>Megan.Lewis@wilsonelser.com |
| 3 | **WILSON, ELSER, MOSKOWITZ,**<br>   **EDELMAN & DICKER LLP** |
| 4 | 525 Market Street, 17th Floor<br>San Francisco, CA 94105-2725 |
| 5 | Telephone: 415.433.0990<br>Facsimile: 415.434.1370 |
| 6 | |
| 7 | Attorneys for Counter-Claim Defendant<br>NATIONAL SEATING & MOBILITY, INC. |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL SEATING & MOBILITY, INC., <br><br>    Plaintiff, <br><br>    vs. <br><br>MICHAEL PARRY and DOES 1 through 20; inclusive, <br><br>    Defendants. | Case No.: 3:10-cv-02782-EMC <br><br>**ORDER DENYING WITHOUT PREJUDICE STIPULATION FOR PROTECTIVE ORDER PROHIBITING DISCLOSURE OF MATERIAL DESIGNATED BY PARTIES AS CONFIDENTIAL;** ~~ORDER THEREON~~ |
| MICHAEL PARRY, individually and on behalf of all others similarly situated, <br><br>    Cross-Complainant, <br><br>    vs. <br><br>NATIONAL SEATING & MOBILITY, INC., <br><br>    Counter-Claim Defendant. | |

    To facilitate discovery, it is hereby stipulated by and between the parties hereto, by and through their respective counsel of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP representing National Seating & Mobility, Inc. ("NSM") and Mark P. Meuser representing Michael Parry ("Parry"), subject to the order of the court, as follows:

1. **Non-disclosure of Confidential Documents.** Except with the prior written consent of the party designating a document as confidential, or as hereinafter provided under this order, no confidential document may be disclosed to any person. "Disclosure" is intended to be interpreted broadly, and means (1) copying (including hand-written copies), exhibiting, showing, communicating, describing, allowing access to, or otherwise releasing to any person, (2) the documents subject to this order, or any of these documents' content, except as expressly authorized by this order.

Any party may, in good faith, designate as "confidential" or "proprietary" any material produced in this action, including documents, answers to Interrogatories or other responses to discovery requests and portions of any deposition or deposition exhibits.

The parties may designate materials as confidential or proprietary by either writing, typing or stamping the word "confidential" or "proprietary" or words to that effect on the face of the materials, or by written notice to counsel for the opposing party, before or at the time of production of the materials to counsel for the opposing party, including the description of the materials to be designated as "confidential" or "proprietary." Such written notice must sufficiently describe the confidential materials to distinguish them from other materials produced or available in this action.

The special treatment accorded to the confidential documents shall reach at minimum:

  a. all copies of confidential documents;
  b. all extracts, and complete or partial summaries prepared from such documents;
  c. any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts, or summaries; and
  d. any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or exhibit thereto, that discusses or refers to such documents, copies, extracts or summaries.

2. **Permissible Disclosures.** Notwithstanding paragraph 1, confidential documents may be disclosed to the parties to this action, counsel of record for the parties in this action and such

2
STIPULATION FOR PROTECTIVE ORDER PROHIBITING DISCLOSURE OF MATERIAL DESIGNATED BY PARTIES AS CONFIDENTIAL; ORDER THEREON

631598.1                                                          Case No.: 3:10-cv-02782-EMC

counsel's employees to the extent reasonably necessary to render professional services, and to court officials involved in this litigation. Such documents may also be disclosed:

(a) to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify or testifying; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom the disclosure is to be made has signed a form containing:

(1) a recital that the signatory has read and understands this order;

(2) a recital that the signatory understands that unauthorized disclosures of the confidential documents constitute contempt of court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this court.

(4) if a disclosure is made during a deposition, the witness to whom the disclosure is made shall be advised of the existence of this stipulated order.

(c) Before disclosing a confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or an employee of a competitor) of NSM, the party wishing to make such disclosure shall give at least 10 days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion. The court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted. A competitor of NSM is defined as a company or other entity that provides customized

3
STIPULATION FOR PROTECTIVE ORDER PROHIBITING DISCLOSURE OF MATERIAL DESIGNATED BY PARTIES AS CONFIDENTIAL; ORDER THEREON

631598.1     Case No.: 3:10-cv-02782-EMC

wheelchairs and adaptive seating systems for individuals who have been diagnosed as having a permanent or long-term loss of mobility.

3. **Declassification**. Any party may apply to the court for a ruling that a document (or category of documents) designated by the producing party as confidential is not entitled to such status and protection. The producing party that designated the document as confidential shall be given notice of the application and an opportunity to respond and shall bear the burden of establishing good cause for the claimed confidentiality.

4. **Confidential Information in Depositions.**

(a) A deponent may, during the deposition, be shown and examined about confidential documents if the deponent is or was an employee of the counter-claim defendant and already knows the confidential information contained therein, or if the provisions of paragraph 2(b) and (c) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b). A deponent who is not a party or an employee, agent or representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

(b) Parties (and deponents) may designate portions of the transcript, or exhibits thereto, as being "confidential." At the deposition, the parties will attempt in good faith to preliminarily identify and designate "confidential" testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony or exhibits may be so designated by stamping the exhibits "confidential," or by underlining the portions of the pages that are confidential and stamping such pages "confidential." Parties may designate portions of the transcript that are confidential, the entire deposition transcript, and all exhibits thereto, which will be treated as "confidential" under the provisions of this Order. Once a "confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "confidential" under the provisions of this Order. Parties shall have 30 days from receipt of a transcript to notify opposing party of portions of the transcript it designates to be "confidential." If

4
STIPULATION FOR PROTECTIVE ORDER PROHIBITING DISCLOSURE OF MATERIAL DESIGNATED BY PARTIES AS CONFIDENTIAL; ORDER THEREON

631598.1    Case No.: 3:10-cv-02782-EMC

parties do not designate portions of the transcript confidential within 30 days after receipt of such transcript, the transcript will no longer be deemed confidential.

     5.     **Confidential Documents in Papers Filed With the Court**. Documents designated "confidential," and all information contained therein or derived there from, may be discussed or referred to in pleadings, motions, affidavits, briefs and other papers filed with the Court, or attached as exhibits thereto, provided that such "confidential" documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "confidential" and separately filed under seal.

     6.     **Confidential Documents in Court**. Documents designated "confidential," and all information contained therein or derived therefrom, may be used or offered in evidence at the trial of this case, or at any court hearing in this litigation, provided that (a) the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential; and (b) the "confidential" documents and information, and any portion of any transcript or court paper where they are discussed or referred to, are stamped "confidential" and separately filed under seal.  Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  The court will then determine whether the proffered evidence should continue to be treated as confidential information, and if so, what protection, if any, may be afforded to such information.

     7.     **Use**. Persons obtaining access to confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial or administrative or judicial proceedings.  If any materials designated as "confidential" or "proprietary" are submitted to the Court for filing prior to trial, that material will be filed under seal to preserve confidentiality.

     8.     **Confidential Designation Subsequent to Production**. In the event that materials are produced herein, which in the party's opinion should have been, but were not, designated as "confidential" or "proprietary," such party may designate such material as "confidential" or "proprietary" by notifying counsel for all other parties of this designation as soon as possible.  Upon

5

STIPULATION FOR PROTECTIVE ORDER PROHIBITING DISCLOSURE OF MATERIAL DESIGNATED BY PARTIES AS CONFIDENTIAL; ORDER THEREON

631598.1     Case No.: 3:10-cv-02782-EMC

receipt of such notification, all parties shall treat such material as confidential and shall make reasonable efforts to recall any material which had already been distributed in a manner inconsistent with the terms of this Order.

9. **Retention of Confidential Documents**. Upon request, all "confidential" and /or "proprietary" materials disseminated pursuant to this Order and all copies thereof, other than those filed with this Court, shall be returned to counsel of the producing party at the conclusion of this litigation; except that copies bearing attorney notes or markings reflecting the thoughts of counsel shall be destroyed and verification of that destruction shall be provided to counsel for the party producing the materials. Cross-complainant's counsel may retain one copy of such materials for their files that will remain confidential and subject to the terms of this stipulation. To the extent "confidential" and /or "proprietary" materials disseminated pursuant to this Order are maintained in an electronic format, cross-complainant's counsel represents that the materials will not be forwarded or distributed for any purpose and will remain confidential and subject to the terms of this stipulation

10. **Modification Permitted**. Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to the confidential designation or to discovery that it believes to be otherwise improper.

11. **Non-Termination**. The provisions of this order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, confidential documents and all copies of same (other than exhibits of record) shall be returned to the person or entity that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed except that all parties may maintain one hard copy or an electronic copy for their files. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

12. **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, preservation of, and distribution of copies of confidential documents. Parties shall not duplicate any confidential

6
STIPULATION FOR PROTECTIVE ORDER PROHIBITING DISCLOSURE OF MATERIAL DESIGNATED BY PARTIES AS CONFIDENTIAL; ORDER THEREON

631598.1                                      Case No.: 3:10-cv-02782-EMC

document except working copies or copies intended for filing in court under seal and service upon other parties.

**13.   No Waiver**.

(a)   Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b)   The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

(c)   Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged confidentiality, relevancy, admissibility, or discoverability of the confidential documents.

IT IS SO STIPULATED.

Dated:  June 7, 2011         WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


By:_____/s/ Ronald Bushner_____
Ronald S. Bushner
Megan M. Lewis
Attorneys for Counter-Claim Defendant
NATIONAL SEATING & MOBILITY, INC.

Dated: June 7, 2011         MEUSER LAW GROUP, INC.


By:  ____/s/ Mark P. Meuser_____
Mark P. Meuser
Attorneys for Counterclaimant
MICHAEL PARRY

7
STIPULATION FOR PROTECTIVE ORDER PROHIBITING DISCLOSURE OF MATERIAL DESIGNATED BY PARTIES AS CONFIDENTIAL; ORDER THEREON

631598.1                                                                                           Case No.: 3:10-cv-02782-EMC

|  |  |
|---|---|
| 1 | |
| 2 | <s>IT IS SO ORDERED</s>. |
| 3 | |
| 4 | Dated: June 8, 2011 |
| 5 | |

**O R D E R**

The parties' stipulation is DENIED WITHOUT PREJUDICE to submitting a proposal that complies with the requirements of Local Rule 79-5.

*[Signature: Jeffrey S. White]*

Honorable Jeffrey S. White
UNITED STATES DISTRICT JUDGE

8
STIPULATION FOR PROTECTIVE ORDER PROHIBITING DISCLOSURE OF MATERIAL DESIGNATED BY PARTIES AS CONFIDENTIAL; ORDER THEREON

631598.1                                                Case No.: 3:10-cv-02782-EMC