

**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| **Ala.** | Yes | Yes | Yes | Yes | "The elements of a breach of contract claim under Alabama law are as follows: (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *State Farm Fire & Casualty Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999). |
| **Alaska** | Yes | Yes | Yes | Yes | *Fleenor v. Church*, 681 P.2d 1351, 1354 & n.4 (Alaska 1984) (noting that although "courts of equity do not require literal performance of all acts required to be done under the contract" in order for equitable relief to be granted, "under ordinary circumstances, [plaintiff] would be barred from enforcing [defendant's] duty to perform, since he had not fulfilled his own concurrent contractual obligation.") (citing *Navato v. Sletten*, 560 F.2d 340, 346 (8th Cir. 1977) ("It is axiomatic that before a party can recover upon a contract, he must show his own performance or his own tender thereof."); *Huszar v. Certified Realty Co.,* 266 Ore. 614, 512 P.2d 982, 984 (1972) ("Ordinarily . . . . a party to a contract who complains that the other party has breached the terms of a contract must prove performance on his own part, or a valid tender rejected by the other party.") (parentheticals in original)); *Native Village of Stevens v. Alaska Management & Planning*, 757 P.2d 32, 42-43 (Alaska 1988) (requiring plaintiff to prove existence of valid, enforceable contract in order to maintain action for breach of contract); *Winn v. Mannhalter*, 708 P.2d 444, 450 (Alaska 1985) (Damages resulting from the breach a required element in an action for breach of contract). |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| **Ariz.** | Yes | Yes | Yes | Yes | *Graham v. Asbury,* 112 Ariz. 184, 185 (1975) ("To bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages.") (citing generally *Clark v. Compania Ganadera de Cananea, S.A.*, 95 Ariz. 90 (1963)); Recommended Arizona Jury Instructions--RAJI (Civil), Contract 9, State Bar of Arizona (2d ed. 1991) ("Where performance of a contract depends upon a condition [e.g., plaintiff's performance], and that condition does not occur, the contract will not be enforced."). |
| **Ark.** | Yes | **Not a Separate Element** | Yes | Yes | "A person may be liable for breach of contract if the complaining party can prove the existence of an agreement, breach of the agreement, and resulting damages." *Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark. 224, 231-32 (2000); *Carroll-Boone Water Dist. v. M. & P. Equipment Co.*, 280 Ark. 560, 570 (1983) ("a breach of contract is failure, without legal excuse, to perform any promise which forms the whole or part of a contract.") (citations omitted). |
| **Cal.** | Yes | Yes | Yes | Yes | *Reichert v. General Ins. Co.,* 68 Cal. 2d 822, 830 (1968) ("[T]he essential elements of []a cause of action [for breach of contract are]: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff."); BAJI Instruction 10.85. |
| **Colo.** | Yes | Yes | Yes | Yes | *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) ("It has long been the law in Colorado that a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract, [] (2) performance by the plaintiff or some justification for nonperformance, [] (3) failure to perform the contract by the defendant, [] and (4) resulting damages to the plaintiff.") (citations omitted). |
| **Conn.** | Yes | Yes | Yes | Yes | *Chem-Tek, Inc. v. General Motors Corp.*, 816 F. Supp. 123, 131 (D.Conn. 1993) ("In |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| | | | | | pleading an action for breach of contact, plaintiff must plead: 1) the existence of a contract or agreement; 2) the defendant's breach of the contract or agreement; and 3) damages resulting from the breach.") (applying Connecticut law). "To state a claim for breach of contract the party must allege (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." *Larobina v. First Union Nat'l Bank,* 2001 Conn. Super. LEXIS 3549 at *9*; *Ro-Tam Sheetmetal Co. v. Nu-Way Heating & Air*, 2001 Conn. Super. LEXIS 3008 at *5 ("The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages."). |
| **Del.** | Yes | Not a Separate Element | Yes | Yes | *Winston v. Mandor*, 710 A.2d 835, 840 (Del.Chan. 1997) (For a breach of contract claim, "plaintiff must demonstrate the existence of the contract, breach thereof and resultant damage.") |
| **D.C.** | Yes | Yes | Yes | Yes | *Proctor v. Ward*, 83 A.2d 281, 282 (D.C. 1951) (finding, in a suit for breach of settlement agreement, that a complaint stated the elements of breach of contract where plaintiff alleged (1) existence of a contract, (2) performance by plaintiff, (3) failure to perform by defendant, and (4) damages caused by the breach) (citing, *inter alia*, Restatement, Contracts § 417) |
| **Fla.** | Yes | Not a Separate Element | Yes | Yes | *Abbott Lab., Inc. v. GE Capital*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000) ("The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages.") (citing *Mettler, Inc. v. Ellen Tracy, Inc.,* 648 So. 2d 253, 255 (Fla. 2d DCA 1994); *Abruzzo v. Haller*, 603 So. 2d 1338 (Fla. 1st DCA 1992)). |
| **Ga.** | Yes | Yes | Yes | Yes | *Budget Rent-A-Car v. Webb*, 220 Ga. App. 278, 279 (1996) ("The elements of a right to recover for a breach of contract are the breach and the resultant damages to the party who has the right to complain about the contract being broken.") (citing *Graham Bros. Constr.* |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| | | | | | *Co. v. C. W. Matthews Contracting Co.*, 159 Ga. App. 546, 550 (1981)). |
| **Haw.** | Yes | Yes | Yes | Yes | *Uyemura v. Wick*, 57 Haw. 102, 110-11 (1976) ("It is axiomatic that when there is a breach of a valid and binding contract, if actual damages cannot be proved with reasonable certainty, the law infers some damages. The party whose legal right has been invaded by such breach is entitled to at least nominal damages."); *PR Pension Fund v. Nakada*, 8 Haw. App. 480, 491 (1991) ("as a general rule, 'a party cannot recover for a breach of contract if he fails to comply with the contract himself[.]'") (brackets in original) (quoting 17A Am. Jur. 2d Contracts § 617, at 625 (1991)). |
| **Idaho** | Yes | Yes<br><br>(As Affirmative Defense) | Yes | Yes | *Reynolds v. American Hardware Mut. Ins. Co.*, 115 Idaho 362, 365 (1988) ("If a breach of contract is alleged, the burden is upon the claimant to show 'the making of the contract, an obligation assumed by defendants, and their breach or failure to meet such obligation.'") (quoting *Thomas v. Cate*, 78 Idaho 29, 31 (1956)). *General Auto Parts Co. v. Genuine Parts Co.*, 132 Idaho 849, 859 (1999) ("The general rule on damages for breach of contract is that they 'are not recoverable unless ... clearly ascertainable both in their nature and origin, and unless it is also so established that they are the natural and proximate consequence of the breach and are not contingent or speculative.") (quoting *Telluride Power Co. v. Williams*, 172 F.2d 673, 675 (10th Cir. 1949)). "Damages must be proven with reasonable certainty." *General Auto Parts*, 132 Idaho at 859. "However, 'the law does not require rigid certainty...rather, it requires...that the evidence be sufficient to support a reasonable inference of causation and to allow a jury reasonably to treat that inference as more probable than an inference connecting the loss to other causes unrelated to the defendant's conduct." *Id.* (citations omitted) (ellipsis in original); Idaho Jury Instructions 661, Idaho Pattern Jury Instructions Committee (1988) ("In this case the defendant has asserted the affirmative defense that the plaintiff . . . has failed to substantially perform a condition upon which defendant's liability [for breach of contract] depends . . . . If you find from your consideration of all the evidence that . . . the |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| | | | | | defendant's affirmative defense has been proven, then your verdict should be for the defendant.") |
| **Ill.** | Yes | Yes | Yes | Yes | *Henderson-Smith & Assocs. v. Nahamani Family Serv. Ctr.*, 323 Ill. App. 3d 15, 27 (2001) ("The elements of a breach of contract claim are: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff.") (citing *Gallagher Corp. v. Russ*, 309 Ill. App. 3d 192, 199 (1999)). |
| **Ind.** | Yes | Yes | Yes | Yes | *Rogier v. American Testing & Eng'g Corp.*, 734 N.E.2d 606, 614 (Ind. Ct. App. 2000) ("The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages.") (citing *Shumate v. Lycan*, 675 N.E.2d 749, 753 (Ind. Ct. App. 1997)). "Generally, the measure of damages for breach of contract is either such damages as may fairly and reasonably be considered as arising naturally, i.e., according to the usual course of things from the breach of contract itself, or as may be reasonably supposed to have been within the contemplation of the parties at the time they entered into the contract as a probable result of the breach." *Rogier,* 734 N.E.2d at 614 (citation omitted); *Clark Mut. Life Ins. Co. v. Lewis*, 139 Ind. App. 230, 236, 217 N.E.2d 853, 857 (1966) ("Since we have concluded that the appellee's performance was consistent with the terms of the contract, evidence of such performance up to the time of the breach is all that is required."). |
| **Iowa** | Yes | Yes | Yes | Yes | *Berryhill v. Hatt*, 428 N.W.2d 647, 652 (Iowa 1988) ("[T]he following elements are necessary [] to show a breach of contract: (1) the existence of the contract; (2) the terms and conditions of the contract; (3) that the buyers have performed all of the terms and conditions of the contract required of them to now require the [defendant] to perform; (4) that the contract was breached in some particular way; and (5) that the [plaintiff] has suffered damages.") (citing Iowa Civil Jury Instruction no. 2400.1 (1986)). |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| **Kan.** | Yes | Yes | Yes | Yes | *Commercial Credit Corp. v. Harris*, 212 Kan. 310, 313 (1973) ("In an action based on a contract, the burden of proof is on the plaintiff to show: (1) execution and existence of the contract alleged in the petition; (2) sufficient consideration to support the contract; (3) performance or willingness to perform in compliance with the contract alleged; and (4) the defendant's breach insofar as such matters are in issue."); *Dings v. Callahan*, 4 Kan. App. 2d 36, 38 (1979) ("It makes no difference whether the action is said to be for negligence or breach of contract; causally related damage is an essential element of the claim."). |
| **Ky.** | Yes | Yes | Yes | Yes | *Peters Branch Int'l Shoe Co. v. Jones*, 247 Ky. 193, 197 (1933) ("In order to constitute a cause of action in a case like this [for breach of contract], the pleadings must not only state the contract and its breach, but must allege the damage sustained by reason of the breach."); *Blake v. Clark*, 217 Ky. 340, 341 (1926) ("Ordinarily, of course, where the stipulations of the contract are concurrent, as where the deed is to be delivered on the payment of the price, an actual tender and demand by one party is necessary to put the other party in default.") |
| **La.** | Yes | Yes | Yes | Yes | *J.D. Barnett v. Board of Trustees*, 2001 La. App. LEXIS 1676, *11 (La. App. 2001) (holding that the existence of a contract is "an element essential to [a] claim for breach of contract"); *Lester Frame v. Comeaux*, 735 So. 2d 753, 756 (La. App. 1999) ("In order to determine whether there was a breach of contract, we must first determine whether there was a contract . . . . Assuming, *in arguendo*, that there was a breach of contract, this Court finds that the element of damages was not proven at trial."); *Achord v. Smith*, 451 So. 2d 1315, 1317 (La. App. 1984) ("It is elementary that no recovery may be had for breach of contract until damages have been proved. A recognized exception to this rule is that a party is not required to specify each item of damages where there is obvious damage by the quantum is not susceptible to accurate proof."); *Penny v. Spencer Business College, Inc.*, 85 So. 2d 365 (La. App. 1956) ("It seems to us, therefore, that it was incumbent upon |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| | | | | | plaintiff in order to state a cause of action, to allege that either the contract itself was illegal or that performance by plaintiff was excused under the express or implied conditions of the contract.") |
| Me. | Yes | Yes | Yes | Yes | *Polley v. Maine Dep't of Human Servs.*, 1987 Ma. Super. LEXIS 284, *2-3 (1987) ("In order to state a claim for breach of contract, the complaint must allege a meeting of the minds, consideration, and mutuality of obligations."); *Chiapetta v. Lumbermans Mut. Cas. Co.*, 1987 Me. Super. LEXIS 288, *17 (1987) ("Plaintiff, as an element of his claim, must prove a breach of contract . . . . There may be some difficulty in establishing the breach, and plaintiff may have further difficulty in establishing damages occasioned by that breach, but these are problems of proof and not bars to recovery."); *Anderson v. Eastern Coupling Co.*, 108 Me. 374, 376 (1911) (ruling that plaintiff properly pled a cause of action for breach of contract upon showing (1) the existence of a contract, (2) plaintiff's performance, (3) defendant's breach, and (4) damages.) |
| Md. | Yes | Yes | Yes | Yes **(Nominal Damages Sufficient)** | *Taylor v. Nationsbank, N.A.*, 365 Md. 166, 175 (Md. App. 2001) ("To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation. . . . It is not necessary that the plaintiff prove damages resulting from the breach, for it is well settled that where a breach of contract occurs, one may recover nominal damages even though he has failed to prove actual damages."); Maryland Pattern Jury Instructions--Civil 9:23, Maryland State Bar Association Standing Committee on Pattern Jury Instructions (3d ed. 1993) ("Where the contract requires something to happen before one of the parties is to perform his or her obligation under the contract, that party need not perform until it happens."); *id.* at 9:25 ("A tender is an offer by a party to the contract to do that which the contract requires. If the tender is refused, the party making it is considered to have performed that portion of the contract represented by the tender."). |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| **Mass.** | Yes | Yes | Yes | Yes | *Yellin & Hyman, P.C. v. Ellis & Assocs.*, 2001 Mass. Super. LEXIS 232, *10 (2001) ("To succeed in a breach of contract action, a claimant must demonstrate (1) that the parties reached a valid and binding agreement, (2) that one party breached the terms of the agreement, and (3) that the other party suffered damages from the breach."); Model Jury Instructions for Use in the District Court, Massachusetts District Court's Committee on Juries of Six (1988) ("Ordinarily a plaintiff may not recover for breach of contract if he (she) as well as the defendant has breached their contract, unless the plaintiff has substantially performed his (her) obligations under the contract, and any departure from the terms of the contract is so minor or trifling as to be insignificant."). |
| **Mich.** | Yes | Yes | Yes | Yes (**Nominal Damages Sufficient**) | *Malcolm MacDowell & Associates, Inc. v. Ecorse-Lincoln Park* Bank, 325 Mich. 591, 598 (1949) ("[P]laintiff did declare on an express agreement, alleging performance thereof by itself and breach by defendant with resultant damage to plaintiff. Those allegations, standing alone, were sufficient, if proved, to support a judgment for plaintiff."); *Litvin v. Joyce*, 329 Mich. 56, 59 (1951) (holding that proof of damages is not required to sustain a cause of action for breach of contract); *Stewart v. Rudner*, 349 Mich. 459, 468-69 (1957) ("A party to a contract who is injured by another's breach of the contract is entitled to recover from the latter damages for all injuries and only such injuries as are the direct, natural, and proximate result of the breach."). |
| **Minn.** | Yes | Yes | Yes | Yes | *Industrial Rubber Applicators, Inc. v. Eaton Metal Prods. Co.*, 285 Minn. 511, 513 (1969) ("In an action on a contract such as this the elements would be (a) the formation of the contract; (b) performance by plaintiff of any conditions precedent to his right to demand performance by defendant; and (c) a breach of the contract by defendant. These elements of the cause of action are the fundamental propositions which plaintiff must prove in order to establish a right of recovery."), *overruled on other grounds by Standslast v. Reid*, 304 Minn. 358 (1975); *L.B.I. v. B&D Pump, Inc.*, 1998 Minn. App. LEXIS 1016, *11 (Minn. |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| | | | | | App. 1998) ("To prevail on a breach of contract claim, the plaintiff must show the formation of a contract; the plaintiff's performance of any conditions precedent to its right to demand performance from defendant; and the defendant's breach of the contract. The plaintiff must also show that the breach caused damages."). |
| Miss. | Yes | Not a Separate Element | Yes | Yes | *Frierson v. Delta Outdoors, Inc.*, 794 So. 2d 220, 226 (Miss. 2001) (requiring, for a breach-of-contract action, a showing of (1) a valid contract, (2) breach of that contract, and (3) damages); *Paymaster Oil Mill Co. v. Mitchell*, 319 So. 2d 652, 657 (Miss. 1975) ("If we look solely to the evidence of the plaintiff, a written confirmatory contract of purchase, a breach of its terms and resultant damages, the defendant is not entitled to a directed verdict [on plaintiff's breach-of-contract claim].") |
| Mo. | Yes | Yes | Yes | Yes | *White v. Pruiett*, 39 S.W. 3d 857, 861-62 (Mo. App. 2001) ("In order to make a submissible case of breach of contract, contractor was required to establish: (1) the existence of a valid contract; (2) the rights and obligations of the respective parties; (3) a breach; and (4) damages."); *Howe v. Ald Servs., Inc.*, 941 S.W. 2d 645, 650 (Mo. App. 1997) ("In order to make a submissible case of breach of contract, the complaining party must establish: (1) the existence of a valid contract; (2) the rights and obligations of the respective parties; (3) a breach; and (4) damages."); *Sunset Pools v. Schaefer*, 869 S.W.2d 883, 885 (Mo. App. 1994) ("It is well established that one who seeks to recover damages as the result of a breach of mutual contract must first allege and prove that he has performed or offered to perform as required by the contract."). |
| Mont. | Yes | Not a Separate Element | Yes | Yes (Nominal Damages Sufficient) | *Tobacco River Lumber Co., Inc. v. Yoppe*, 176 Mont. 267, 270 (1978) ("Here, plaintiff set out the relevant terms of the contract in its complaint and alleged that defendants [breached]. Plaintiff also set out three specific ways in which it was damaged by the alleged breach and had a prayer of damages for each claim. We do not feel that more is required to state a claim [for breach of contract]."); *Kitchen Krafters, Inc. v. Eastside* |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| | | | | | *Bank*, 242 Mont. 155, 163 (1990) ("A breach of contract is a legal wrong independent of actual damage. A failure to show actual damages and the resulting inference that none were sustained does not defeat the cause of action. An action for breach of contract, then, does not require that plaintiff sustain any damages.") |
| Neb. | Yes | Yes | Yes | Yes | *Vowers & Sons, Inc. v. Strasheim*, 254 Neb. 506, 516-17 (1998) ("[I]n order to recover for breach of contract a plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that actuate the defendant's duty."); |
| Nev. | Yes | Not a Separate Element | Yes | Yes (Nominal Damages Sufficient) | *Orr Water Ditch Co. v. Reno Water Co.*, 19 Nev. 60, 65 (1885) (holding that the facts alleged -- contract, breach, and damages -- constituted a cause of action for breach of contract); *Cut Rate Drug Co. v. Scott & Gilbert Co.*, 54 Nev. 407, 416 (1933) ("It is argued on the part of the plaintiff that a breach of contract always creates a right of action. This is true, but where a right of action for breach exists, and no harm was caused by the breach, judgment will be given for nominal damages only."). |
| N.H. | Yes | Yes | Yes | Yes | *Bronstein v. GZA Geoenvironmental, Inc.*, 140 N.H. 253, 255 (1995) ("[A] cause of action . . . arises once all the necessary elements are present. . . . In the case of a contract action, it would be when the breach occurs. A breach of contract occurs when there is a failure without legal excuse, to perform any promise which forms the whole or part of a contract."); *Clipper Affiliates, Inc. v. Checovich*, 138 N.H. 271, 274-75 (1994) (requiring a showing of damages to sustain a breach-of-contract claim); New Hampshire Civil Jury Instructions, Walter C. Murphy & Daniel C. Pope, (3d ed. 1994) ("If you find that [plaintiff performed under the contract], then the defendant will be responsible for not performing his/her promises under the contract. If you find that [plaintiff did not perform under the contract], then the defendant will be excused from performing his/her promises under the contract."). |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| N.J. | Yes | Not a Separate Element | Yes | Yes | *John Hancock Mut. Life Ins. Co. v. King*, 1997 WL 373512, *3 (D.N.J. 1997) (applying New Jersey law) ("John Hancock has pleaded the existence of a collective bargaining agreement . . . . In addition, John Hancock has pleaded that King breached particular provisions of the [agreement], and that John Hancock has suffered damages as a result of King's activities. . . . These pleadings are [] sufficient to establish John Hancock's claim for breach of contract under New Jersey . . . ."); |
| N.M. | Yes | Yes | Yes | Yes | *Camino Real Mobile Home Park Partnership v. McCarson*, 119 N.M. 436, 445 (1995) ("Once a party has established a cause of action for breach of contract by showing the existence of a contract, breach thereof, causation, and actual damage, he or she may be awarded nominal damages and costs, even when failing to establish the amount of compensatory damages."; *Stockmen's Guar. Loan Co. v. Cooper*, 24 N.M. 495, 498 (1918) ("It is elementary that there can be no recovery for breach of contract in the absence of allegations and proof that the party seeking to recover has performed all the conditions precedent of the contract by him to be performed, or has tendered performance of the same."). |
| N.Y. | Yes | Yes | Yes | Yes | *WorldCom, Inc. v. Sandoval*, 701 N.Y.S.2d 834, 836 (N.Y. Sup. Ct. 1999) ("An action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages."); *Lehmann v. Lehmann*, 696 N.Y.S.2d 663, 665 (N.Y. Civ. Ct. 1999) ("To state a claim for breach of contract a party must establish (1) the existence of an agreement; (2) due performance of the contract by the party alleging the breach; (3) a breach; and (4) damages resulting from the breach."); *Reuben H. Donnelley Corp. v. Mark I. Marketing Corp.*, 925 F. Supp. 203, 206 (1996) (applying New York law) ("To state a claim for breach of contract under New York law, a party must allege (1) the existence of an agreement between plaintiff and defendant, (2) due performance of the contract by the party alleging the breach, (3) a breach, and (4) |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| | | | | | damages resulting from the breach."). |
| N.C. | Yes | Yes | Yes | Yes | *Claggett v. Wake Forest Univ.*, 126 N.C. App. 602, 608 (1997) ("To state a claim for breach of contract, the complaint must allege that a valid contract existed between the parties, that defendant breached the terms thereof, the facts constituting the breach, and that damages resulted from such breach."); *RGK, Inc. v. United States Fidelity & Guar. Co.*, 292 N.C. 668, 675 (1977) ("In an action for breach of a building or construction contract -- just an in any other contract case -- the complaint must allege the existence of a contract between plaintiff and defendant, the specific provisions breached, *the facts constituting the breach*, and the amount of damages resulting from such breach.") (emphasis in original); *Bryant v. Southern Box & Lumber Co.*, 192 N.C. 607, 610, 135 S.E. 531, 532 (1926) ("Plaintiff alleged and offered evidence to prove that he was ready, willing and able to ... fully perform his contract with defendant. The jury having found the facts to be as alleged by plaintiff, he was entitled to recover of defendant his damages resulting from defendant's breach of the contract."). |
| N.D. | Yes | Yes | Yes | Yes | *Jones v. Grady*, 62 N.D. 312, 318, 243 N.W. 743, 745 (1932) (finding that a complaint properly states a cause of action for breach of contract where it "recites facts showing the contract, performance by the plaintiffs, breach by the defendants, and concludes with a general allegation of damages.") |
| Ohio | Yes | Yes | Yes | Yes | *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App. 3d 95, 108, 661 N.E.2d 218, 226 (1995) ("Generally, a breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non breaching party suffered damages as a result of the breach.") (citations omitted). |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| **Okla.** | Yes | Yes | Yes | Yes | *Digital Design Group, Inc. v. Information Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001) ("In order to recover on its breach of contract theory, [plaintiff] needed to prove: 1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach."); *Miller v. Young*, 172 P.2d 994, 995 (Okla. 1946) (to recover for breach of contract, plaintiff must establish his own performance or a valid excuse for failing to perform). |
| **Ore.** | Yes | Yes | Yes | Yes | *Slover v. Oregon State Bd. of Clinical Social Workers*, 144 Or. App. 565, 570 (1996) ("To state a claim for breach of contract, plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff.") (internal quotation omitted) (citing *Fleming v. Kids and Kin Head Start*, 71 Or. App. 718, 721 (1985) (same)) |
| **Pa.** | Yes | Yes | Yes | Yes | *CoreStates Bank N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999) (To establish a claim for breach of contract, a claimant must show "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages."); *Seitz v. Crystal Art Gallery (In re Cavalier Indus.)*, 2001 Bankr. LEXIS 366 at *10 (2001) (same) (setting forth elements of New York and Pennsylvania breach of contract actions and citing *Core States*, *supra*); Pennsylvania Suggested Standard Jury Instructions--Civil 15.17, Civil Instructions Subcommittee of the Pennsylvania Supreme Court Committee for Proposed Standard Jury Instructions (Rev. 1991) ("The party bringing the action on a contract must prove its own performance and a breach by the other party.") |
| **R.I.** | Yes | Yes | Yes | Yes | *Konoff v. Lantini*, 111 R.I. 691, 696, 306 A.2d 176, 179 (1973) ("An action lies for every breach of contract. The breach having been proved, the only question that remains is the amount of damages to be allowed.") (citations omitted); *Schafer v. Thurston Mfg. Co.*, 48 |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| | | | | | R.I. 244, 248-49, 137 A. 2, 5 (1927) ("The burden of proof in the sense of establishing by a preponderance of evidence that he has faithfully performed his contract and defendant has broken it rests upon the plaintiff. This burden does not shift. … Plaintiff has prima facie sustained his burden when he testifies generally to faithful performance and the employer's breach.") (citations omitted). |
| **S.C.** | Yes | Not a Separate Element | Yes | Yes | *Fuller v. Eastern Fire & Casualty Ins. Co.*, 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962) (in a case involving an insurer's refusal to defend its insured, the court stated "[t]his being an action for the breach of contract, the burden was upon the [insured] to prove the contract, its breach, and the damages caused by such breach.") |
| **S.D.** | Yes | Not a Separate Element | Yes | Yes | *McKie v. Huntley*, 620 N.W.2d 599, 603 (S.D. 2000) ("An action for breach of contract requires proof of an enforceable promise, its breach, and damages. … Essential to proving contract damages is evidence that damages were in fact caused by the breach.") |
| **Tenn.** | Yes | Not a Separate Element | Yes | Yes | *Tedder v. Raskin*, 728 S.W.2d 343, 351 (Tenn. App. 1987) (Under the law of Tennessee, the essential elements of a breach of contract claim are the existence of a contract, breach of that contract, and injuries or damages proximately caused by the breach."); *Custom Built Homes v. G.S. Hinsen Co., Inc.*, 1998 Tenn. App. LEXIS 89 at *8, 1998 WL 960287 (Tenn. Ct. App. Feb. 6, 1998) ("The essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract.") (citing *Life Care Centers of America, Inc. v. Charles Town Associates Ltd. Partnership*, *LPIMC, Inc.*, 79 F.3d 496, 514 (6th Cir. 1996) ("[T]he basic elements of a breach of the contract case under Tennessee law must include (1) the existence of a contract; (2) breach of the contract, and (3) damages which flow from the breach. The plaintiff's performance under the contract is not an element of his claim, but rather an affirmative defense.")). |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| **Tex.** | Yes | Yes | Yes | Yes | *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 598 (Tex.Civ.App.--Houston [14th Dist.] 2000, no writ) ("The essential elements in a breach of contract claim are as follows: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach.") (citing *Hussong v. Schwan's Sales Enters., Inc.,* 896 S.W.2d 320, 326 (Tex. App.--Houston [1st Dist.] 1995, no writ) (same). |
| **Utah** | Yes | Yes | Yes | Yes | *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 392 (Utah 2001) ("The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.") |
| **Vt.** | Yes | Yes | Yes | Yes | *Lapoint v. Dumont Const. Co.*, 128 Vt. 8, 10, 258 A.2d 570 (1969) ("In the obligation assumed by a party to a contract is found his duty, and his failure to comply with the duty constitutes a breach. … A contract includes not only what is expressly stated therein but also what is necessarily implied from the language used.") (citations omitted); *Ben & Jerry's Homemade v. Coronet Priscilla Ice Cream Corp.*, 921 F. Supp. 1206, 1212 (1996) ("In defining the elements of a breach of contract claim, the Vermont Supreme Court has stated, 'in the obligation assumed by a party to a contract is found his duty, and his failure to comply with the duty constitutes a breach.' … Inherent in this definition is that to have a breach, there must be a contract.") (citing *Lapoint v. Dumont Const. Co.*, *supra*); *Lambert v. Equinox House*, 126 Vt. 229, 231-32, 227 A.2d 403, 404-05 (1967) (substantially approving a jury instruction stating, "[t]he employee, however, establishes his prima facie case by proving the contract, his performance thereof up to the time of his discharge, and the damage resulting from that discharge," and further pointing out that "the plaintiff had the burden of proving every element necessary to establish his contract of service. He was also called upon to prove his faithful performance of that contract and his wrongful discharge from the engagement by the defendant."). |



**CASE CITATIONS TO ELEMENTS OF ACTIONS FOR BREACH OF CONTRACT FOR THE 50 STATES (PLUS D.C.)**

| STATE | VALID CONTRACT | PERFORMANCE OR EXCUSE | BREACH | RESULTING DAMAGE | CASE CITATION AND SYNOPSIS OF GOVERNING LAW |
|---|---|---|---|---|---|
| Va. | Yes | Not a Separate Element | Yes | Yes | *Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 237 Va. 543, 379 S.E.2d 316 (Va. 1989) ("The elements of a breach of contract claim under Virginia law are (1) a legal obligation of a defendant to a plaintiff; (2) a violation or breach of that duty; and (3) consequential injury or damage to the plaintiff."). |
| Wash. | Yes | Not a Separate Element | Yes | Yes | *Northwest Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712 (1995) ("A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant.") |
| W.Va. | Yes | Yes | Yes | Yes | *Mason County Bd. of Educ. v. State Superintendent of Sch.*, 170 W. Va. 632, 636, 295 S.E.2d 719, 724 (1982) (in a case seeking damages for alleged breach of contract, the plaintiff may rest his case upon proof of a valid contract and its breach); *Lutz v. Currence*, 96 W. Va. 468, 470, 123 S.E. 251, 252 (1924) ("He who expects to recover damages for the breach of a contract must show that he in good faith has either carried out his part of the contract, or that he has made an honest effort to do so, and has been prevented from carrying it out by the defendant.") |
| Wis. | Yes | Not a Separate Element | Yes | Yes | *Discount Fabric House, Inc. v. Wisconsin Tel. Co.*, 117 Wis. 2d 587, 603, 345 N.W.2d 417, 425 (1984) (recognizing the elements of a breach of contract action as a contract, breach of the contract and damages); *Bigelow v. Chicago, Burlington & Northern Railway Co.*, 104 Wis. 109, 113-14, 80 N.W. 95, 97 (1899) (same). |
| Wyo. | Yes | Not a Separate Element | Yes | Yes | *Reynolds v. Tice*, 595 P.2d 1318, 1323 (1979) ("The elements for a breach of contract claim consist of a lawfully enforceable contract, an unjustified failure to timely perform all or any part of what is promised therein, and entitlement of injured party to damages. … This is often stated, as the court here instructed, as failure without legal excuse to perform any promise which forms the whole or part of a contract.") (Citations omitted). |