IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATIONAL SEATING & MOBILITY, INC.

    Plaintiff,

  v.

MICHAEL PARRY, et al.,

    Defendants.

AND RELATED COUNTERCLAIM
                                  /

No. C 10-02782 JSW

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 22, 2012, AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are

1 working on this case be permitted to address some or all of the Court's questions contained
2 herein.

3 The parties each shall have ten (10) minutes to address the following questions:

4 In order to place the Court's questions in context for the parties, it sets forth the
5 following preface. The choice of law provision at issue in this case provides as follows:

> Notwithstanding any principles of conflict of law, which otherwise might apply, this Agreement shall be governed by, and construed in accordance with, the laws (statutory and jurisprudential) of the State of Tennessee, regardless of the state wherein its provisions might be adjudicated. If litigation is instituted by [NSM] which is based upon any claim or controversy arising out of or relating to this Agreement, [NSM] shall have the option to file any such litigation in any court of competent jurisdiction (state or federal) in the State of Tennessee, and if [NSM] exercises such option, then Employee does here submit, irrevocably, to the jurisdiction of any such court in the state of Tennessee.

Parry argues that this provision applies to his breach of contract claim, as well as the claims for fraud, negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing (the "tort claims"). Although Parry bears the burden of showing that Tennessee law applies to the Nationwide Rebate Class, Parry does not provide any legal authority to support his construction of the choice-of-law provision, either in his opening brief or on reply. NSM argues that because tort claims are not ordinarily controlled by a contractual choice of law provision, Parry has failed to meet his burden to show that the tort claims fall within the scope of the choice-of-law provision. Both parties, however, have cited *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459 (1992). In *Nedloyd*, the California Supreme Court held that

> a valid choice-of-law clause, which provides that a specified body of law "governs" the "agreement" between the parties encompasses all causes of action arising from or related to that agreement, regardless of how they are characterized, including tortious breaches of duties emanating from the agreement or the legal relationship it creates.

3 Cal. 4th at 470.

1. What is Parry's best argument that, based on the papers, he has met his burden to show that the tort claims fall within the scope of the choice-of-law provision?

2. If the Court were to conclude that the choice-of-law provision does not apply to the tort claims, what is Parry's best argument that, on the papers, he has met his

2

burden on the predominance and superiority requirements of Rule 23? *See, e.g., Washington Mutual Bank v. Superior Court*, 24 Cal. 4th 924-26 (2001) (construing federal authorities and stating that "it is insufficient to merely refer the district court to densely worded articles, graphs and charts pertaining to each state's laws").

3. In light of the fact that the parties have not provided the Court with any Tennessee authority on this issue, why should the Court not apply California law to determine the proper scope of the choice-of-law provision? *See Nedloyd*, 3 Cal. 4th at 469 n.7 (applying California law, where choice of law provision stated that it was to be construed under the law of Hong Kong, because the parties failed to request that it take judicial notice of how courts in Hong Kong would construe such a provision); *Washington Mutual*, 24 Cal. 4th at 916 n.3 ("the scope of a choice-of-law clause in a contract is a matter that ordinarily should be determined under the law designated therein").

   a. Does Parry have any authority under Tennessee law that would support a finding that the choice-of-law provision would encompass the tort claims?

   b. Does NSM have any authority under Tennessee law that would support a finding that the choice-of-law provision would not encompass the tort claims?

**IT IS SO ORDERED.**

Dated: June 20, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE