| | |
|---|---|
| RONALD S. BUSHNER (SBN 98352)<br>ronald.bushner@wilsonelser.com<br>MEGAN M. LEWIS (SBN 246052)<br>megan.lewis@wilsonelser.com<br>VICTORIA L. TALLMAN (SBN 273252)<br>victoria.tallman@wilsonelser.com<br>**WILSON, ELSER, MOSKOWITZ,**<br>  **EDELMAN & DICKER LLP**<br>525 Market Street, 17th Floor<br>San Francisco, California 94105-2725<br>Telephone: (415) 433-0990<br>Facsimile: (415) 434-1370<br><br>Attorneys for Plaintiff and Counter-Claim Defendant<br>NATIONAL SEATING & MOBILITY, INC. | C. BROOKS CUTTER (SBN 121407)<br>bcutter@kcrlegal.com<br>JOHN R. PARKER, JR. (SBN 257761)<br>jparker@kcrlegal.com<br>**KERSHAW CUTTER & RATINOFF, LLP**<br>401 Watt Avenue<br>Sacramento, California 95864<br>Telephone: (916) 448-9800<br>Facsimile: (916) 669-4499<br><br>MARK P. MEUSER (SBN: 231335)<br>mark@meuser-law.com<br>**MEUSER LAW GROUP, INC**<br>P.O. Box 5412<br>Walnut Creek, California 94596<br>Telephone: (415) 577-2850<br>Facsimile: (925) 262-4656<br><br>Attorney for Defendant and Counter-Claimant<br>MICHAEL PARRY |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL SEATING & MOBILITY, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL PARRY and DOES 1 through 20; inclusive,<br><br>    Defendants.<br><hr>MICHAEL PARRY, individually and on behalf of all others similarly situated,<br><br>    Counter-Claimant,<br><br>vs.<br><br>NATIONAL SEATING & MOBILITY, INC.,<br><br>    Counter-Claim Defendant. | Case No. 3:10-cv-02782-JSW<br><br>**PLAINTIFF AND COUNTER-CLAIM DEFENDANT NATIONAL SEATING & MOBILITY'S AND DEFENDANT AND COUNTER-CLAIMANT MICHAEL PARRY'S JOINT CASE MANAGEMENT CONFERENCE STATEMENT and** ~~PROPOSED~~ **ORDER** CONTINUING CASE MANAGEMENT CONFERENCE<br><br>Date: January 25, 2013<br>Time: 1:30 p.m.<br>Courtroom: 11, 19th Floor<br>Judge: The Hon. Jeffrey S. White<br><br>Action Filed: March 3, 2010 |

Pursuant to Local Rule 16-9, and the Court's order, Plaintiff/Counterclaim Defendant

---

1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER
3:10-cv-02782-JSW

975835.1

NATIONAL SEATING & MOBILITY, INC. ("NSM") and Defendant/Counter-Claimant MICHAEL PARRY ("Parry") jointly submit this case management statement, and request that the Court adopt it as its Further Case Management Order in this case.

1. <u>Jurisdiction and Service</u>

Plaintiff NSM originally commenced the underlying action May 22, 2009, by filing a Complaint in California Superior Court for the County of Alameda. Parry did not dispute service. On June 26, 2009, Parry filed a cross-complaint against NSM. On May 24, 2010, Parry filed his first amended counter-claim as an individual and with class action allegations pursuant to Cal. Rule of Ct., 3.761(b). NSM then filed a Notice of Removal in July of 2010 to the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1332 and 1446. On June 19, 2012, after receiving leave of court, Parry filed his Second Amended Counter-Complaint, which also includes both individual and class allegations.

2. <u>Facts:</u>

In 2001, Michael Parry was hired as a Rehabilitation Technological Supplier ("RTS") working in the San Leandro, California office of NSM, a Tennessee corporation in the business of providing customized wheelchairs and adaptive seating systems for individuals. After working in several positions within NSM, Parry joined the Hayward Branch of NSM in October of 2006.

On March 20, 2007, he entered into an Employment Agreement and Compensation Schedule outlining the terms of his employment with NSM. The Compensation Schedule changed the manner of compensation from a purely commission basis to a base salary plus commission compensation plan. The Employment Agreement stated that Parry was paid twenty percent of his proportional share of the total branch "gross base office profits." The term gross base office profits was defined as sales minus cost of goods, shipping charges, sales adjustments, allowances for bad debt and bad debt write off.

On March 31, 2009, Parry's employment with NSM was terminated.

*In dispute are the following facts*:

*Cross Complaint – Parry's individual claims*

Parry was terminated on or about March 31, 2009. The Employment Agreement that he signed with NSM in March 2007 required NSM to give Parry six months' notice before involuntarily

terminating him. If this was not possible or feasible, then NSM could tender six months' pay in lieu of six months' notice.

*Cross Complaint – Parry's class action claims*

There are hundreds of individuals across the country who are currently, or who were formerly, employed by NSM in the RTS position. All of them are/were paid commissions on their sales based on a formula that calculated their share of the "gross base office profits."

Parry claims that NSM improperly reported profits in their commission calculations which reduced the gross base office profits. Parry further claims that NSM improperly reported profits to its employees in several ways, including, but not limited to, failing to report regular rebates NSM received from many manufacturers which greatly reduced the commissions received by RTS. These reductions should have increased the commissions paid to the class. Parry claims that NSM has refused to provide an accounting of the commission calculations for Parry and the class.

3. <u>Legal Issues:</u>

*Complaint – NSM's claims against Parry*

NSM has claims for conversion and unjust enrichment against Parry. NSM contends that shortly after Parry was given notice of the termination, NSM offered him a Separation Agreement that provided for three bi-weekly severance payments of $2,500.00 in exchange for Parry's full and final release of all claims relating to his employment with and separation from NSM. On March 31, April 10, and April 24, 2009, as a result of mistake and inadvertence, NSM issued three separate checks in the amounts of $2,500.00 each to Parry. The March 31 severance payment was mistakenly included in Parry's final payroll check. The April 10 and April 14 severance payments were mistakenly credited to Parry's bank account after his layoff, and Parry never signed the Separation Agreement. As a result, NSM mistakenly paid a total of $7,500.00.

Further, when Parry was terminated (effective April 1, 2009), no "true-up" was conducted in accordance with the Commission Compensation Schedule signed by Parry to reconcile his amount of commission draws received against draws not paid, if any. Parry's last payroll check did not reflect the true-up reconciliation and consequently he was overpaid in the amount of $1,011.94.

*Cross Complaint – Parry's individual claims*

1  Parry has two breach of contract claims from his employment contract that are based on
2  general principles of contract law. Parry alleges that NSM failed to properly notify him before
3  terminating his employment, which Parry alleges was without cause. Parry also alleges that NSM
4  failed to pay him six (6) months salary in lieu of such notice of termination. Parry claims these
5  failures were in violation of Cal. Labor Code §§ 201 and 202. Parry also claims waiting time penalties
6  under Cal. Labor Code § 203. Parry brings these private actions as authorized by Cal. Labor Code §
7  2699 (a), which permits an aggrieved employee to bring suit on the Labor Code violations alleged in
8  his complaint.

*Cross Complaint – Parry's class action claims*

Parry alleges a breach of contract claim against NSM on behalf of himself and all similarly situated NSM employees (current and former) for failure to properly calculate wages under their employment contracts. Parry and the plaintiff class also allege that NSM acted fraudulently by deliberately misrepresenting the true sale profits upon which their commissions were based. Parry also claims that NSM refused to provide an accounting to allow Parry and the plaintiff class to check the accuracy of NSM's reporting. In connection with this, Parry and the plaintiff class also allege negligent misrepresentation because NSM neglected to report increased sales profits derived from manufacturer kickbacks. Based on the alleged fraud and negligent misrepresentation, Parry and the plaintiff class further allege that NSM acted in bad faith by deceiving Parry and the plaintiff class into believing that they earned less commissions than they should have under the terms of the Compensation Schedule, which justifies an award of punitive damages.

Parry and the plaintiff class further allege that NSM violated the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, by engaging in conduct that is unlawful, unfair, and fraudulent. Parry and the plaintiff class also seek an accounting from NSM as to the correct calculation of their commissions for the duration of the class period.

4. <u>Motions</u>:

*Prior Motions:*

- May 2010 - Parry filed a Motion for Leave to Amend his counter-claim, which was granted.
- July 2010 – NSM filed a Motion to Dismiss and/or Strike Portions Parry's counter-claim. This

1  Motion was granted as to the first claim for breach of contract – reward/bonus, and denied as to the remainder of the Motion. Parry declined to bring a Motion for Leave to Amend this claim.

- December 2010 – NSM filed a Motion for Summary Judgment. NSM voluntarily withdrew its motion on January 19, 2011.
- May 2011 – Parry filed a Motion for Class Certification. Parry's motion was denied without prejudice on October 12, 2011.
- December 2011 – Parry filed a renewed Motion for Class Certification, which was granted in part and denied in part.
- February 2012 – Parry filed a Motion for Leave to File Amended Pleading, which was granted.

*Anticipated Motions:*

- Potential Motion for Summary Judgment on behalf of NSM
- Potential Motion for Decertification on behalf of NSM
- Motions in Limine

5. <u>Amendment of Pleadings</u>:

None anticipated at this time.

6. <u>Evidence Preservation</u>:

NSM has document preservation programs in place.

7. <u>Disclosures:</u>

Both parties have made their initial disclosures.

8. <u>Discovery</u>

The parties previously stayed the matter with respect to discovery and any activity relating to class notification until after the third mediation session. Defendants have voluntarily produced documents relating to 243 present and former employees of NSM in hopes that this voluntary production of documents will substantially reduce the necessity of future discovery. The documents voluntarily produced include not only the original employment agreement as to the 243 present and past NSM employees, but any attachments and amendments thereto, as well as correspondence relating to the development of the agreement, where found. The quantity of documents is great, to say the least. Both parties have devoted considerable efforts to evaluate and analyze the data provided in

these voluminous documents, which has taken substantial time. The parties believe that the most recent developments in analysis have considerably aided the parties in framing their respective positions and related expectations.

9. Class Actions:

   *(1) Specific paragraphs of FRCP 23:*

      FRCP 23(a), FRCP 23(b)(3)

   *(2) Class Description:*

      All Rehab Technology Suppliers ("RTSs") employed by National Seating & Mobility, Inc. ("NSM"), for a period from February 5, 2004 until the present who signed an Employment Agreement with NSM that contains a Tennessee choice of law clause and which contains a "COMMISSION ON SALES" provision that defines "Gross Base Office Profits" as "sales minus cost of goods, shipping changes (sic), sales adjustments, allowance for bad debt and bad debt write off."

   *(3) Facts showing party is entitled to maintain the action:*

      This Court certified this class with respect to Parry's claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

   *(4) Date for Motion for Class Certification:*

      An order has already been issued on Parry's renewed class certification motion.

   *(5) Class Notice*

      The parties have agreed to stay this matter with respect to discovery and class notification activity until after they have completed a second mediation session with mediator Michael Dickstein. This mediation will be completed no later than October 16, 2012.

10. Related Cases

      There are no related cases.

11. Relief

      In its Complaint, NSM prayed for judgment against Parry as follows:

      a.    Actual damages in the amount of $8,511.94;

      b.    Restitution and all other forms of equitable monetary relief;

  c. Attorneys' fees and costs;

  d. Such other and further relief as this Court may deem just and proper.

In Parry's Second Amended Counter-Claim;

*Parry as an individual prayed for judgment against NSM as follows:*

  a. For compensatory damages according to proof and prejudgment interest to the extent allowable by law;

  b. For exemplary and punitive damages according to proof;

  c. For "Waiting Time" Penalties, as defined and applicable under Cal. Lab. Code §§ 203, 218;

  d. For the payment of Counter-Claimant's attorney fees, costs, and expenses incurred pursuant to all applicable provisions of California Law including, but not limited to, Cal. Lab. Code §§ 218.5, 1194, and Cal. Code of Civ. Proc. § 1021.5;

  e. For such other and further relief as the Court may deem proper.

*Parry and the class prayed for judgment against NSM as follows:*

  a. An order declaring this action to be a class action and appointing the law frim of Kershaw, Cutter & Rationoff, LLP and the Law Offices of Mark P. Meuser as class counsel and certifying the class as alleged and requested herein;

  b. For compensatory damages according to proof at trial;

  c. For exemplary and punitive damages according to proof;

  d. For pre-judgment interest at the legal rate from and after January 11, 2009 at the legal rate (sic);

  e. For an Accounting, as requested in the Eleventh Cause of Action;

  f. For the payment of Counter-Claimant's attorneys fees, costs, and expenses incurred pursuant to all applicable provisions of California and Federal Law including, but not limited to, Cal. Lab. Code §§ 218.5, 1194, and Cal. Code of Civ. Proc. § 1021.5, and Fed. R. Civ. P. 23; and

  f. For such other and further relief as the court may deem proper.

///

12. <u>Settlement and ADR</u>:

The parties attended a full-day mediation with Michael Dickstein on October 6, 2011, prior to the Court's ruling on Parry's Motion for Class Certification. The parties were unable to reach a mutually-agreeable settlement.

The parties completed a second mediation session on October 16, 2012 with mediator Michael Dickstein. While the parties were unable to resolve the matter in this mediation session, differences were substantially narrowed. Following that mediation session, Defendants voluntarily produced documentation relating to the employment agreements of 243 of its present and former RTSs, covering the entire class period. Defendant also voluntarily produced documentation concerning a "profile payback program" that NSM initiated in 2007 in order to return portions of the manufacturers rebates to RTS employees who qualified under the program. The additional information provided by Defendants has allowed both parties to engage in extensive review and analysis, including assessment of the importance of these documents in both the context of litigation and prospective settlement. The parties have engaged in discussions and are actively coordinating to find a mutually agreeable date for a further mediation with mediator Michael Dickstein.

Michael Dickstein is a nationally recognized mediator who specializes in employment class actions. The parties have found his skills and expertise constructive in progressing toward what the parties hope will be a resolution of the matter without need for trial. Unfortunately, Mr. Dickstein's availability is limited due to his own practice which requires extensive travel. There are four separate groups of participants on the defense side of the mediation and class counsel himself has a very active practice. Despite the best efforts by all sides, it has proved daunting to schedule a third mediation session given the conflicts that arise from so many participants with such active practices. However, the parties have recently been able to agree upon February 22, 2013 for the third mediation session.

13. <u>Consent to Magistrate Judge for All Purposes:</u>

Parry filed a declination to proceed before a magistrate at the time the case was removed to Federal Court. NSM agrees that, given the potential complexity of this matter, the parties may be better served by proceeding before a District Court Judge.

///

14. <u>Other References:</u>

The parties are not yet in a position to determine whether this matter is suitable for binding arbitration.

15. <u>Narrowing of Issues:</u>

NSM's Motion to Dismiss was heard by this Court in July 2010, and the Motion resulted in the dismissal of Parry's individual first claim for breach of contract-reward/bonus. NSM anticipates it will file a Motion for Partial Summary Judgment in an attempt to further narrow the claims of the class. In addition, NSM is giving serious consideration to bringing a motion to decertify the class.

The parties can reasonably stipulate to the facts in the undisputed portion of item number 1 above.

Given the current status of the matter, it is premature to anticipate the bifurcation of the issues, claims or defenses at this time.

16. <u>Expedited Schedule:</u>

It is unlikely that this matter will be eligible for an expedited schedule.

17. <u>Scheduling:</u>

Prior to completion of the upcoming mediation, it is premature for the parties to set a schedule for designation of experts, discovery cutoff, hearing of dispositive motions, or pretrial conference and trial.

18. <u>Trial:</u>

The parties estimate that trial in this matter will take approximately three weeks.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u>

This is premature given the current status of this matter.

I, Victoria L. Tallman, hereby attest pursuant to General Order 45(X)(B) that concurrence in the filing of this document has been obtained from each of the other signatories, or from the single signatory (in the case, e.g., of a declaration) which shall serve in lieu of their signature(s) on the

///

///

document.

Dated: January 18, 2013                    Respectfully submitted,

                                                        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

                                        By:    /s/Ronald S. Bushner_____
                                                    Victoria L. Tallman
                                                    Ronald S. Bushner
                                                    *Attorneys for Plaintiff/Counter-Claim Defendant*

Dated: January 18, 2013                    Respectfully submitted,


                                                   KERSHAW CUTTER & RATINOFF, LLP

                                        By:    /s/ C. Brooks Cutter _____
                                                    C. Brooks Cutter
                                                    John R. Parker, Jr.
                                                    *Attorneys for Defendant/Counter-Claimant*

Dated: January 18, 2013                    Respectfully submitted,

                                        By:    /s/ Mark P. Meuser _____
                                                   Mark P. Meuser
                                                    *Attorneys for Defendant/Counter-Claimant*

975835.1

## **CASE MANAGEMENT ORDER**

The parties have agreed to stay this matter with respect to class notification activity until after they have completed a third mediation session with mediator Michael Dickstein on February 22, 2013.

As such, the Court orders this matter stayed until March 15, 2013. A further case management conference will be scheduled for ~~March 15, 2013 or whatever other date is convenient for the court.~~ March 22, 2013 at 1:30 p.m.

An updated Joint Case Management Statement shall be filed no later than one week prior to the further case management conference.

IT IS SO ORDERED:

Dated: January 22, 2013        By: _____/s/ Jeffrey S. White_____
                                    THE HON. JEFFREY S. WHITE
                                    UNITED STATES DISTRICT JUDGE