RONALD S. BUSHNER (SBN 98352)
ronald.bushner@wilsonelser.com
VICTORIA L. TALLMAN (SBN 273252)
Victoria.Tallman@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:  (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Plaintiff and Counter-Claim
Defendant
NATIONAL SEATING & MOBILITY, INC.

C. BROOKS CUTTER (SBN 121407)
bcutter@kcrlegal.com
JOHN R. PARKER, JR. (SBN 257761)
jparker@kcrlegal.com
**KERSHAW CUTTER & RATINOFF, LLP**
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

MARK P. MEUSER (SBN 231335)
mark@meuser-law.com
**MEUSER LAW GROUP, INC**
P.O. Box 5412
Walnut Creek, California 94596
Telephone: (415) 577-2850
Facsimile: (925) 262-4656

Attorney for Defendant and Counter-Claim
Plaintiffs' Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL SEATING & MOBILITY, INC.,<br><br>       Plaintiff,<br><br>   vs.<br><br>MICHAEL PARRY and DOES 1 through 20; inclusive,<br><br>       Defendants.<br><br>MICHAEL PARRY, individually and on behalf of all others similarly situated,<br><br>       Cross-Complainant,<br><br>   vs.<br><br>NATIONAL SEATING & MOBILITY, INC.,<br><br>       Cross-Defendant. | Case No.: 3:10-cv-02782-JSW<br><br>~~[PROPOSED]~~ ORDER (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT; (2) PROVISIONALLY CERTIFYING SETTLEMENT CLASS; (3) APPROVING CLASS NOTICE, CLAIM FORM AND REQUEST FOR EXCLUSION PROCEDURE; (4) DIRECTING DISSEMINATION OF CLASS NOTICE; AND (5) SETTING A HEARING FOR FINAL APPROVAL OF THE SETTLEMENT AS MODIFIED HEREIN<br><br>Date:  ~~May 17, 2013~~   June 14, 2013<br>Time:  9:00 A.M.<br>Courtroom: 11, 19th Floor<br>Judge:  The Hon. Jeffrey S. White<br><br>Action Filed: March 3, 2010 |

The parties to the above-captioned civil actions ("Actions"), Plaintiff and Cross-Claim

Defendant NATIONAL SEATING & MOBILITY, INC. ("NSM") and Defendant and Cross-Claim

Plaintiff Michael Parry, ("Representative Plaintiff") individually and on behalf of others similarly

situated ("Plaintiffs") have agreed - subject to final approval following notice to the proposed

Settlement Class - to settle the Actions upon the terms and conditions set forth in the Joint

Stipulation of Settlement and Release Between Plaintiffs and Defendant ("Settlement"), which was

filed with the Court in connection with the present motion by Plaintiffs for an Order (1)

Preliminarily Approving Class Action Settlement; (2) Provisionally Certifying Settlement Class; (3)

Approving Class Pre-Notice and Notice, Claim Form and Request for Exclusion Procedure; (4)

Directing Dissemination of Class Notice; and (5) Setting Hearing for Final Approval of the

Settlement ("Plaintiffs' Motion").

Plaintiffs' Motion is unopposed by NSM and was submitted to this Court for review and

approval on April 26, 2013.  After considering Plaintiffs' Motion, the Settlement Agreement, the

record and proceedings herein, the Court finds, concludes, and hereby orders as follows:

1.      The Settlement is preliminarily approved as fair, reasonable, and adequate.

2.      For purposes of determining whether the terms of the proposed Settlement should be

finally approved as fair, reasonable and adequate, the following Class is conditionally certified, for

purposes of this Settlement only:

> (a)      *Class*:  This class includes all Rehabilitation Technology Suppliers who are or
> were employed by National Seating & Mobility, Inc. who had an Employment
> Agreement which dictated payment including commissions to be based on
> "Gross Base Office Profits" or like language for work performed at any time
> between February 5, 2004 through the Date of Preliminary Approval of the
> Settlement, and whose Employment Agreement has a Tennessee choice of law
> provision.

3.      Plaintiff Michael Parry is appointed as representative of the Settlement Class and the

following Plaintiffs' counsel are designated as counsel for the Settlement Class ("Class Counsel"):

Kershaw Cutter & Ratinoff, LLP and Meuser Law Group, Inc.

4.      The Court also appoints Class Action Administration, Inc., 10875 Dover Street,

Suite 300, Westminster, CO 80021 ("CAA") to act as Settlement Administrator to assist the parties

in performing the following duties: (a) using the data provided by NSM to prepare the Claim Forms

with the information for each Class Member; (b) mailing the Notice and accompanying Forms to

Class Members; (c) tracking and follow-up on returned Forms and Requests to be Excluded; (d)

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

notifying the Parties of timely and untimely claims; (e) calculating the amounts due to each Class Member pursuant to the Settlement; (f) notifying the Parties of and making determinations of any disputes regarding claims by the Class Members; and (g) reporting to the Parties and the Court as required or appropriate.

5.      Notice to the Class shall be provided in the manner described in the Settlement Agreement.  The approved form of Class Notice is attached as Exhibits A-C to the Declaration of John R. Parker, Jr.

6.      The Court preliminarily finds that the dissemination of the Notice under the terms provided for in this Order constitutes the best notice practicable under the circumstances, and is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws. Prior to the final settlement approval hearing, a declaration shall be filed with the Court confirming that Notice was given in accordance with the terms of this Order.

7.      A hearing shall be held on _October 25_____, 2013, at ~~10:00~~ 9:00 a.m., in Courtroom 11 of the United States District Court for the Northern District of California ("Final Approval Hearing") to determine whether the proposed Settlement should be finally approved as fair, reasonable, and adequate, and whether a Final Order and Judgment approving the Settlement and dismissing all claims asserted in the Actions on the merits, with prejudice and without leave to amend, should be entered.  Plaintiff's ~~the~~ request for incentive awards and the request for an award of attorneys' fees, costs and expenses shall be served and filed with the Court within 45 days of the entry of this Order. ∧ Plaintiff's briefs and papers in support of final approval shall be served and filed
*Plaintiff must ensure class members receive proper notice of that motion, as set forth below.*
with the Court by _September 20_____, 2013.  The Final Approval Hearing described in this paragraph may be postponed, adjourned, transferred or continued by the Court without further notice to the Settlement Class.  Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

8.      Objections to the proposed Settlement shall be heard, and the Court shall consider any papers or briefs submitted in support of said objections, in its discretion, only if they comply with the objection procedures set forth in the Notice.  Specifically, members of the Class who wish to

PLAINTIFF MUST ENSURE CLASS MEMBERS RECEIVE NOTICE OF THE MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD.  See In re Mercury Interactive Sec. Litig., 618 F.3d 988, 993-95 (9th Cir. 2010); Fed. R. Civ. P. 23(h).

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

object to the Settlement must file any such objection with the Clerk of the Court not later than August 23 *_____, 2013, and provide a copy of the objection to Class Counsel and to counsel for NSM as set forth in the Settlement Agreement and Notice.  Any objection must:  (1) contain the objector's name and address; (2) be signed by the objector; (3) include reference to the matter of *Nationanl Seating & Mobility, Inc., Plaintiff vs. Michael Parry and DOES 1 through 20, Defendants and related cross complaint, Case No. 3:10-cv-02782-JSW in the United States District Court, Northern District of California*; (4) include a statement of whether the objector intends to appear at the Final Approval Hearing; and (5) provide an explanation of the basis for the objection.  Any Class Member who does not so request to object waives the right to do so in the future, and shall be forever barred from making any objection to the proposed Settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.

9.      All requests for exclusion from the Settlement Class must be in writing and must comply with the provisions of and contain the information requested as set forth in the Settlement Agreement and Notice and, to be effective, must be submitted no later than _August 23*_____, 2013.  Class Counsel, with the cooperation of counsel for NSM, is responsible for reporting to the Court at the Final Approval Hearing regarding the number and status of any requests for exclusion.  All persons who file timely and valid requests for exclusion in the manner set forth in the Notice shall have no rights under the Settlement, and shall not share in the distribution of Settlement funds, but shall not be bound by the Settlement Agreement or any final judgment and order of dismissal entered pursuant to the Settlement Agreement.  All Class Members who do not request exclusion in the manner set forth in the Notice shall be bound by any final judgment and order of dismissal entered pursuant to the Settlement Agreement, shall be barred and enjoined, now and in the future, from asserting any and all California law wage and hour claims, as defined in the Settlement Agreement, against the Released Parties, as defined in the Settlement Agreement, and any such Settlement Class Member shall be conclusively deemed to have released any and all such California law wage and hour claims.

10.      The certification of the Settlement Class shall be for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of NSM that this Action, or any

* The Court has set this deadline to account for the need to ensure class members receive notice of the motion for attorneys' fees and incentive award.

4

~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

other proposed or certified class action is appropriate for class treatment pursuant to Federal Rule of Civil Procedure 23 or any other similar class action statute or rule.  The certification is without prejudice to the rights of NSM to: (a) seek decertification or modification of the Settlement Class as certified should the settlement not be approved or implemented for any reason; or (b) terminate the proposed Settlement as provided for in the Settlement Agreement.

11.     The proposed Settlement is hereby preliminarily approved, but is not to be deemed an admission of liability or fault by NSM or by any other person, or a finding of the validity of any claims asserted in this litigation, or of any wrongdoing or of any violation of law by NSM.  The proposed Settlement is not a concession and shall not be used as an admission of any fault or omission by NSM or any other person or entity.  Neither the terms of the Settlement nor any related document shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings which may be necessary to consummate or enforce the terms of the Settlement, except that NSM may file this Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     In the event that the proposed Settlement as provided in the Settlement Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Approval as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms, then the Settlement Agreement and actions taken in connection therewith, including but not limited to entry of this Order, shall become null and void and of no further force and effect, and shall not be used or referred to for any purposes whatsoever.  In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice as to the rights of any and all parties thereto, who shall be restored to their respective positions prior to execution of the Settlement Agreement.

13.     It is hereby ordered that all proceedings in this Action shall be stayed, except such actions as may be necessary to implement the Settlement Agreement and this Order, pending further proceedings in connection with the effectuation of the proposed Settlement.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

14.    In sum, the dates for performance are as follows:

__May 16_____, 2013                    Preliminary Approval of Settlement.

__June 5_____, 2013                    Deadline for NSM to provide CAA as the
(20 days after Preliminary Approval):            Settlement Administrator a list of all provisional
                                                 class members and their last known addresses, if
                                                 practicable, and information regarding the length
                                                 of service for each class member and their
                                                 classifications for "commission earned periods"
                                                 and "draw periods".

__June 20_____, 2013                   NSM shall mail the Pre-Notice to all class
(35 days after Preliminary Approval):            members who are active employees of NSM.

__July 1_____, 2013  **                The Settlement Administrator shall mail Notice
~~(45 days after Preliminary Approval):~~         and accompanying Form to all class members.

__July 1_____, 2013 **                 Plaintiffs to file request for service payments and
~~(45 days after Preliminary Approval):~~         the request for an award of attorneys' fees, costs
                                                 and expenses.

__August 23_____, 2013                 Deadline for written objections to the Settlement
~~(45 days after mailing of Class Notice):~~      or notice of intention to appear and object at Final
                                                 Approval Hearing.

__August 23_____, 2013                 Deadline for submission of request to be excluded
~~(45 days after mailing of Class Notice):~~      from the Settlement.

__September 20_____, 2013              Deadline for parties to file and serve joint motion
~~(at least 30 days before final approval~~       for final approval of Settlement.
~~hearing):~~  See N.D. Civ. L.R. 7-2(a).

__October 4, 2013_____, 2013           Deadline for filing of any written opposition to
~~(10 days before final approval hearing):~~      the joint motion for final approval of Settlement
See N.D. Civ. L.R. 7-3(a).                       and to Plaintiffs' request for service payments
                                                 and for an award of attorneys' fees, costs and
                                                 expenses.

__September 20_____, 2013              Deadline for Settlement Administrator to submit
(35 days before final approval hearing):         declaration of compliance, reporting on the due
                                                 diligence undertaken with regard to the mailing
                                                 of Notice and the number of opt-out class members.

__October 11_____, 2013                Deadline for filing replies in support of final
~~(5 days before final approval hearing):~~       approval or application for fees, costs, and
See N.D. Civ. L.R. 7-3(c).                       incentive award.

**  The July 1, 2013 deadline takes into account that the 45th day from the date of this Order is a Sunday.

6

~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

1    __October 25_____, 2013  9:00 a.m. Final approval hearing.

2    ~~_____~~, 2014                    Deadline for Settlement Administrator to mail
     (30 days after Judgment is Final):               settlement fund checks to class members.
3    The Court shall not set a specific date, because the Court cannot anticipate whether an appeal will be filed.

4    IT IS SO ORDERED:

5    Date:  __May 16, 2013_____

6                                        _____
                                         JEFFREY S. WHITE
7                                        UNITED STATES DISTRICT COURT JUDGE

8

9        The Court HEREBY ORDERS that the parties provide the Court with a status of NSM's claims against

10   Parry, and whether a case management conference needs to be scheduled for those claims.  The status

     report shall be due by May 24, 2013.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        7
                    [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT