IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATIONAL SEATING & MOBILITY, INC.

    Plaintiff,

  v.

MICHAEL PARRY, et al.,

    Defendants.

AND RELATED COUNTERCLAIM
                                     /

No. C 10-02782 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING AND ORDER REQUIRING FURTHER SUBMISSION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON NOVEMBER 1, 2013, AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are

working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively grants** the motion for final approval of the Settlement. With respect to the attorneys' fees, based on the current record, the Court will **tentatively grant in part the request,** as follows. The Court concludes that Class Counsel have not adequately supported their lodestar request or shown why the Court should award fees in excess of the benchmark of 25% that the Ninth Circuit applies when a court relies on the percentage-of-recovery method. On the current record, the Court would only grant the request for attorneys' fees based on 25% of the maximum settlement payment, or $174,781.25.

However, the Court will give Class Counsel a further opportunity to support its request, although it shall not compensate Class Counsel for this additional work. If Class Counsel seeks to have the Court award the full amount of attorneys' fees requested ($197,581.96), by no later than November 9, 2013, they must provide the Court with a generalized breakdown, per attorney, of the type of work performed (*e.g.,* research on motion for class certification, drafting motion for class certification, prepare discovery requests, respond to discovery requests, document review), the number of hours spent on each task, and the billing rate per hour for that attorney.

In addition, the parties shall be prepared to address the following questions:

1. There is a discrepancy between the Class identified in the Settlement Agreement and Release (Docket No. 116, Settlement Agreement and Release at ¶ 1.B.1) and the proposed form order which the Court utilized when it granting preliminary approval. (Docket No. 124, Order Granting Motion for Preliminary Approval at 2:16-20.) Was this a drafting error, and can the parties confirm that notice went out to the broader class defined in the Settlement Agreement?

2. Do the parties have any authority that a submission from an attorney is sufficient evidence to support an incentive award to Plaintiff? If not, do they intend to supplement their request for an incentive award with a declaration from Mr. Parry?

3. The Settlement Agreement makes reference to notice under 28 U.S.C. § 1715. Have the parties complied with that requirement?

**IT IS SO ORDERED.**

Dated: October 30, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE